[No. 10209. Department One. August 20, 1912.]

A. F. EDDY, *Respondent*, v. CHARLES CUNNINGHAM, *Appellant*.[1]

LIBEL AND SLANDER—INSTRUCTIONS—CHARGE OF LARCENY. In an action for slander in applying the word "thief" to an agent who had taken his principal's money, it is proper to instruct that defendant must show on his plea of justification, that the plaintiff not only took the money, but did so with criminal intent, where the plaintiff had full charge of the business, receiving all moneys and paying all demands, including his own salary, and claimed that he took the money under a good faith claim that he was entitled to take it to pay a debt.

SAME—WORDS ACTIONABLE—"THIEF"—JUSTIFICATION. Since calling plaintiff a "thief," is only *prima facie* actionable, malice being the gravamen of the charge, the defendant would not be liable if the words were used merely as terms of abuse in relation to a transaction that was fraudulent but not criminal, and justified by the attending circumstances and relations of the parties.

[1]Reported in 125 Pac. 961.

SAME — "PIMP" — JUSTIFICATION—TRUTH OF CHARGE—EVIDENCE.
In an action for slander in calling a man a "pimp," the plaintiff
was "living with" a prostitute, within Rem. & Bal. Code, § 2440, and
the defendant was accordingly justified, where it appears that the
plaintiff was a clerk in a hotel where prostitutes frequently stopped
for several days at a time, and that as a rule he assigned them to
a room convenient to his own, and consorted with one of them
regularly and with others occasionally, although there was no proof
that they "lived with" each other as man and wife.

Appeal from a judgment of the superior court for Frank-
lin county, Holcomb, J., entered May 19, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for slander. Reversed.

*H. B. Noland,* for appellant.

*Moulton & Henderson,* for respondent.

CHADWICK, J.—Plaintiff brought this action to recover
damages for an alleged slander. He had been an employee of
the defendant at a hotel in the city of Pasco. A part of the
time he acted as auditor and clerk. His position may be
described as that of a general factotum for his employer.
He enjoyed his full trust and confidence, and seems to have
managed the business without suggestion. Finally, defend-
ant, being apprised of certain acts of the plaintiff, dis-
charged him. This was done in the presence of others, and
defendant is alleged to have used words that are actionable;
that is, "thief" and "pimp." We think no further statement
of the case is necessary. Defendant made general denial, and
pleaded mitigation, justification, and the truth of the words
spoken. From a judgment in favor of plaintiff, defendant
has appealed.

It is first contended that the word "thief" should have been
withdrawn from the consideration of the jury, for the rea-
son that the plaintiff admitted a state of facts which made
him guilty of the crime of embezzlement. This the court re-
fused to do, and upon the particular word instructed as
follows:

"To prove that plaintiff is a thief it is not enough for the defendant to show that plaintiff took money that was the property of defendant, but he must go further and show that plaintiff took defendant's money fraudulently and with a criminal intent to deprive the defendant of it. This must be established by a preponderance of the evidence. If, on the other hand, the plaintiff took the defendant's money under a good faith claim made at the time thereof that he was entitled to or had a right to take it, and did so openly and avowedly, and if you so find, then the claim of the defendant that the plaintiff was in truth a thief has failed."

The instruction is criticized because it leaves to the jury the determination of the question whether respondent took appellant's money under a good faith claim made at the time, and that he was entitled to take it and pay an alleged debt, ignoring the only defense that would avail respondent; that is, a good faith claim of title to the property or money which was converted by him. This would ordinarily be so, for no man should be heard to plead the right to pay himself a debt out of the money of another, knowing that he has no title thereto. Good faith under such circumstances demands a presentment of the claim, but instructions cannot be measured as abstract statements. Their pertinence depends upon the facts of the particular case, and the abstract must be tempered to meet the real issue. The testimony shows that respondent had full charge of appellant's business, receiving all moneys and paying all demands, including his own salary. We think, therefore, in respect to the question raised, that the instruction was drawn with a proper appreciation of the distinguishing features of the case.

Nor do we think that appellant's motions to take the consideration of the word "thief" away from the jury should have been granted. Whether the use of the word was justified, or whether appellant showed by a preponderance of the evidence a state of facts warranting an inference of guilt, was for the jury; although we have no hesitation in saying that, were we free to pass upon the question as one of law,

the use of the word was amply justified by reference to the attending circumstances. The real question is, not whether respondent was guilty of larceny in the sense that a verdict of guilty could be sustained, for appellant does not have to prove respondent guilty beyond a reasonable doubt in order to justify his words. An important issue raised by the pleadings and the evidence is whether, considering the relations of the parties and all attending facts and circumstances, the words were used in a defamatory sense as charging a crime, or merely as words of abuse, justified by the circumstances and the former relations of the parties. This is so because the word "thief" is only *prima facie* actionable *per se*. 25 Cyc. 301. Malice is the gravamen of the charge, and where the word is used as a mere term of abuse or had relation to a transaction that was fraudulent but not criminal, it has been held that a defendant is not bound to strict proof. *Bridgman v. Armer*, 57 Mo. App. 528; *Roberts v. Ramsey*, 86 Ga. 432, 12 S. E. 644. This latter element is ignored in the instruction, though called for by the pleadings and the evidence, and, in the event of a new trial, might with propriety be noticed by the court.

In submitting the word "pimp" to the jury, the court said:

"To charge a man with being a pimp charges him with a commission of an offense or offenses against the laws of the state and which are punishable. The legal definition of the word pimp is: One who solicits other men to go to houses or places of prostitution for immoral purposes; or who solicits men to associate with prostitutes for immoral purposes; or one who in some way procures for others the means of gratifying their passions; or one who lives wholly or in part upon the earnings of an immoral woman earned by immoral practices of prostitution."

It will be seen that the court had adopted § 2440, Rem. & Bal. Code (omitting the words contained therein "every person who shall live with a common prostitute"), as a comprehensive definition of the term. Appellant requested the court to instruct the jury that, if they found from the testimony

that the respondent had been living with prostitutes at the hotel, it would be a justification of the charge. We think this instruction should have been given. The word "pimp" is not defined by statute *eo nomine*, and it would seem that one charged with using the term in a defamatory way should not be bound to prove acts or conduct that would necessarily sustain, or even justify, a criminal prosecution under § 2440 of the code. The words "living with" were rejected by the court, as we understand, because the testimony offered by the appellant showed only an occasional resort to meretricious relations, and not a living together in the sense of habitual association. The evidence of appellant tends to show, that it was the practice of certain lewd women to lodge at the hotel; that respondent assigned them as a rule to a room convenient to his own; and that one of them at least consorted regularly, and others occasionally, with him while there; that these women were there several days at a time, and frequently; that respondent entered false names of these women upon the hotel register and procured patronage for them. If this testimony is true, plaintiff encouraged the patronage of lewd women and did himself participate in their lustful practices. Under this state of facts, the law should not be too scrupulous or overtechnical in defining the term "pimp." In our judgment, there is testimony warranting the court in giving an instruction to the effect that a "living with" under the statute means a resort to sexual commerce with an abandoned woman under such circumstances as would show previous arrangement and understanding. The offense lies in the reputed or acknowledged character of the women, rather than in the character or frequency of the act. The law never intended that the innocent meaning of the words "living with," as applied to husband and wife or to people of chaste character, should be applied to those who habitually, even for a brief season, consort in adulterous intercourse. In such case the words have a meaning of their own, and it is well understood. The new criminal code, in

its definition of the crimes of adultery and lewdness, seems to recognize this principle, and has dropped from the law the common law element of "living with," as used in the older and stricter sense. We do not want to be understood as holding that an occasional act of lewdness would sustain the charge, but only that where, as it may have been in this case, the respondent found comfort and companionship from day to day and from time to time in the society of fallen women, the jury would in law be justified in applying the word "pimp."

Because of these errors, appellant's motion for a new trial should have been sustained. Wherefore the judgment of the lower court is reversed, and the case remanded for further proceedings.

Gose, Crow, Parker, and Ellis, JJ., concur.