201 P.2d 96

### LAUGHTON v. CRAWFORD.

#### No. 7465.

Supreme Court of Idaho.

Dec. 22, 1948.

---

Verner R. Clements, of Lewiston, for appellant.

Estes & Felton, of Moscow, for respondent.

GIVENS, Chief Justice.

Respondent's complaint in a suit for actionable slander alleged that appellant, in the presence of other persons, called the plaintiff:

" * * * a 'thief'; and further addressing the plaintiff, stated, 'You have been stealing lumber off me for about two weeks, hauling it out and selling it and pocketing

the money.' Defendant further stated, 'You have been taking first grade lumber, 1x12's in 14, 16 and 18 foot lengths. I have followed you and watched where you delivered the lumber. I have had the police measure the lengths and check on you.' That the statements were made in the aforesaid words, or words of similar nature and to like effect."

The answer admitted the time and place and circumstances of the alleged conversation, but that the appellant informed the respondent that:

" 'On or about the 10th day of September he had seen several good Number 1 pine boards stored under Laughton's truck between the running gear and the board, which were not there two days later', and then and there inquired of said Laughton, 'Why do you have to take this lumber and why don't you get the Hell out of here'; at which time said Laughton replied, 'All I did was to take some small boards out to Fred Moore's house', to which the defendant replied, 'George that is nothing but damn theiving and I don't want any part of it or anybody around here that would do a thing like that.' "

The answer likewise alleged a somewhat similar, but different additional conversation on the evening of the next day.

The jury returned a verdict in favor of respondent and appellant makes several assignments of error, only two of which, in view of the conclusions reached herein, need be noticed. They are to the effect that the respondent's own testimony affirmatively showed the language complained of was substantially true.

The gist or sting of the charge was that of having stolen lumber.

Respondent's testimony with regard to appellant's accusations, evidently the basis of the allegations in the complaint, was as follows:

"A. Well, when I first came in the office, Mr. Crawford says to me, he says, 'I have something nasty to tell you', and I said, 'What now?' and he says, 'You have been stealing lumber here for the last two weeks or more.' He says, 'You have stolen three or four truck loads of lumber, good lumber.' Well, I told him he was mistaken. I said I had picked up a little trimmer ends from the trimmer and carried them off when I went off shift under my arm. It was considered as waste in a sense of the word, and that's all I had taken. He says, 'I know what trimmer ends is and I know what good lumber is.' He says, 'You have stolen two or three truck loads of lumber and I don't want a thief around here.' He said, 'I have checked with the police, the city police.

\*     \*     \*     \*     \*     \*

"A. When I came in the office Mr. Crawford said, 'I have something nasty to tell you', and I says, 'Now what?' of 'What is it?' He says, 'George', he says, 'You have been stealing my lumber.' I said,

'No, no, Mr. Crawford, I haven't stolen any lumber from you, only a few trimmer ends.' He says, 'No, I don't refer to trimmer ends. I mean lumber. You have stolen three or four truck loads of my lumber.'

"Q. What else did he say? A. He said, 'I checked with the police on it.' I said, 'Mr. Crawford, I am sorry, but I have never taken anything but trimmer ends. That's the only thing I ever took from you.'

"Q. Did he say anything else? A. He said he didn't want a thief working for him any more."

Respondent testified as to a further conversation next day, evidently the one referred to in the answer, as follows:

"A. Yes. I came back and went to work and he saw me and called me over and he said, 'George, I thought I told you I was through with you.' I said, 'Gar, maybe last night you didn't realize what you said.' He said, 'Last night I realized as much as I do tonight. I don't want a thief around here', so I walked off the job."

It will be noted that respondent's first narration of the accusations stated he had picked up a little "trimmer ends." He testified upon cross examination that he had probably 15 or 20 pieces of trimmer ends varying in length from two to six feet, stored between the bottom of his truck and the running gear; that he had taken these from appellant's mill or property and that he had no permission to take these trimmer ends; that they were all sizes from one-inch boards, some maybe as wide as twelve inches at one end and tapered off at the other end; that he was going to make little built-in cupboards or built-in shelves with these trimmer ends in his house; and that they had value, though his evidence minimized their worth.

"A. Yes, where you can use short material.

"Q. They are sold for that purpose, aren't they? A. I suppose if you went to a lumber yard they wouldn't give them to you.

"Q. You knew this mill Mr. Crawford run was selling trimmer ends? A. Not as lumber. It was being piled out and sold for wood."

■ We thus have respondent's own admissions that he took property which did not belong to him, without permission from the owner; that it had value; and that he intended to permanently deprive the true owner of its possession and use.

" 'A plea of justification is sustained by justifying so much of the defamatory matter as constitutes the sting of the charge. It is unnecessary to repeat and justify every word of the alleged defamatory matter if the substance of the charge be justified. If the substantial imputations be proved true, a slight inaccuracy in the details will not prevent a judgment for the defendant, if the inaccuracy does not change

the complexion of the affair so as to affect the reader of the article differently than the actual truth would.'" Heuer v. Kee, 15 Cal. App.2d 710, 59 P.2d 1063, at page 1065; Leghorn v. Review Pub. Co., 31 Wash. 627, 72 P. 485; Eddy v. Cunningham, 69 Wash. 544, 125 P. 961.

While the complaint charged that appellant had accused him of stealing long lengths and first grade lumber, he did not testify that was what appellant said. These admissions are substantially of the import of the accusations alleged.

"The burden is also upon the defendant to prove any affirmative defense upon which he relies, including the defense of the truth of the charge, * * *. But when the pleadings admit, or the evidence on the part of the plaintiff affirmatively establishes, such facts, manifestly the defendant is thereby relieved of this burden." Jones v. Express Publishing Co., 87 Cal.App. 246, 262 P. 78, at page 83.

Respondent, by his own admissions, establishes the substantial truth of the charge as testified to by him, even though there is other evidence with regard to the small value of these so-called trimmer ends, respondent's admissions show they possessed some value and it is not for him to decide he may take with impunity, as of little value, that which concededly did not belong to him. State Journal Co. v. Redding, 175 Ky. 388, 194 S.W. 301, Ann.Cas. 1918C, 332; Putnam v. Browne, 162 Wis. 524, 155 N.W. 910, Ann.Cas.1918C, 1085.

Appellant's motion for non-suit should have been granted and the judgment is reversed with instructions to dismiss the action with prejudice. Such disposition renders it unnecessary to consider the other assignments of error. Costs to appellant.

HOLDEN, J., and FEATHERSTONE, TAYLOR and SUTPHEN, District Judges, concur.