■     MILTON KLEIN, Respondent, v. FRANK J. PRIAL, II, et al., Appellants, et al., Defendants.— In an action to recover damages for libel, the appeals are from two orders of the Supreme Court, Rockland County, dated November 30, 1967 and February 20, 1968, respectively, (1) the first denying a motion by defendants other than Liebman (a) to dismiss the complaint on the ground that it fails to state a cause of action and, (b) in the alternative, for summary judgment, and (2) the second granting reargument, but adhering to the original decision, except also granting plaintiff leave to cure certain "technical defects"

in the first two causes of action. Appellants' brief limited their appeal from the second order so as to exclude from the appeal so much of the order as granted reargument. Appeal from order of November 30, 1967 dismissed as academic. That order was superseded by the order granting reargument. Order of February 20, 1968 reversed, insofar as appealed from, on the law, and summary judgment granted in favor of the moving defendants. Appellants are granted a single bill of $10 costs and disbursements to cover both appeals. In our opinion, reading the article alleged to be libelous as a whole and in the context of the facts underlying the charges against defendant Walsh which were the subject of the article, said article was a true statement of the facts and a fair comment thereon (see *Julian* v. *American Business Consultants*, 2 N Y 2d 1). Plaintiff quarrels with certain of the words used, e.g., " now get this right ", " temerity " and " one hour ", but these are mere touches of style and do not push beyond the limitations of fair comment (*Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers*, 260 N. Y. 106, 118–119). Plaintiff also cites certain technical inaccuracies, but these fall short of libel. When the truth is so near to the facts as published that fine distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done (*Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87, 93). In addition, since plaintiff is a public official and the article complained of criticized his official conduct, the criticism was cloaked with qualified privilege and, in order for plaintiff to recover for alleged defamatory falsehood, he would have to show that the article was published with " actual malice ", i.e., with knowledge that it was false or with reckless disregard of whether it was false or not (*New York Times Co.* v. *Sullivan*, 376 U. S. 254, 279–280; see *Gilberg* v. *Goffi*, 21 A D 2d 517, affd. 15 N Y 2d 1023). This plaintiff failed to do. Falsity is not sufficient for an inference of malice. At most, plaintiff has raised some suspicion as to the motive of the moving defendants. But suspicion, surmise and accusation are not enough. The existence of earlier disputes between the parties is not evidence of malice (*Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56, 61, 64). Since, in our opinion, the defense of justification or truth was established sufficiently as a matter of law to warrant the directing of judgment for the moving defendants, and plaintiff failed to sustain his burden of establishing actual malice, summary judgment for appellants should have been granted (*Gilberg* v. *Goffi, supra*; see, also, *Gould* v. *Broad*, 22 A D 2d 800; *Kruteck* v. *Schimmel*, 27 A D 2d 837). Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.