587 P.2d 829

**L. B. BAKER, Plaintiff-Appellant,**

v.

**BURLINGTON NORTHERN, INC., Defendant-Respondent.**

No. 12683.

Supreme Court of Idaho.

Dec. 13, 1978.

James E. Hunt of Greene & Hunt, Sand-point, for plaintiff-appellant.

W. W. Nixon of Nixon, Nixon, Lyons & Bell, Coeur d'Alene, for defendant-respondent.

DONALDSON, Justice.

The plaintiff-appellant L. B. Baker brought this action against his former employer, the defendant-respondent Burlington Northern, Inc., alleging libel and invasion of privacy. Baker was provisionally hired by Burlington Northern as a track laborer on March 17, 1973. The employment application, which Baker completed and signed on March 13, 1973, contained the question: "Have you ever been convicted of a crime?" Baker answered "no" to this question.

On May 5, 1972, Baker had pleaded guilty to two counts of first degree burglary. On that same day, in a document entitled "Order Withholding Judgment or Suspending Sentence," the court ordered that Baker be placed on probation and sentence withheld for a period of two years. The order also provided that upon the expiration of the period of suspension of judgment, if all conditions of probation were met, the action would be dismissed. At the time Baker completed and signed Burlington Northern's employment application on March 13, 1973, he was on probation under the order of May 5, 1972.

In the course of an investigation into the apparent theft of a bicycle from Burlington Northern property, a special agent of the Burlington Northern became suspicious of Baker because Baker had access to the area where the bicycle was apparently stolen. The special agent undertook a check of public records and discovered the above criminal actions involving Baker.

**690**

By letter dated September 27, 1973, Baker was advised by Burlington Northern Superintendent J. G. Heimsjo, that his application for employment was disapproved and that he was dismissed from employment because he had given false information on his application. The letter contained the following statement:

This is to advise that your application for employment with the BURLINGTON NORTHERN, INC., has been disapproved as provided for under Rule 3 A of agreement between the Burlington Northern and its employees represented by the Brotherhood of Maintenance of Way Employees, which reads in part " . . . In the event that applicant gives false information, the company will have the right to disapprove such application after the sixty calendar day probationary period has expired."

On your application for employment with the Burlington Northern you answered "NO" to the question "Have you ever been convicted of a crime?" Investigation develops that as a result of being charged with two counts of first degree burglary on July 16, 1971, to which you entered a plea of guilty in District Court, and was, on May 5, 1972, placed on probation for a period of two years and sentence withheld for that period of time.

A copy of the letter was placed in Baker's employment file and sent to five individuals whom Burlington Northern claims were supervisory or record-keeping employees of the Burlington Northern and who by reason of their positions had to be informed of Baker's termination.

On November 29, 1973, Baker applied for unemployment insurance benefits from the Idaho Department of Employment. The department inquired of the Burlington Northern as to the reason for the termination of Baker, and Burlington Northern responded by forwarding a copy of the September 27, 1973 letter written by Heimsjo.

In response to a letter from an official in Baker's union inquiring into the dismissal, Burlington Northern sent a letter to this union official repeating in essence the substance of Heimsjo's letter of September 27th.

The trial court, in response to Burlington Northern's motion for summary judgment, dismissed Baker's suit with respect to both the libel action and the invasion of privacy action. The trial court dismissed the libel action finding the alleged libelous statements to be in fact true. The trial court also found none of the classifications of the tort of invasion of privacy applicable to the fact situation in the present case.

Baker argues that the trial court erred in two respects. First, he contends the trial court erred in characterizing Burlington Northern's letter as a true statement; and, second, he argues that Burlington Northern's distribution of that letter also constituted an invasion of his privacy.

## I.

■ It is axiomatic that truth is a complete defense to a civil action for libel. *Hemingway v. Fritz,* 96 Idaho 364, 529 P.2d 264 (1974). In a slander or libel suit it is not necessary for the defendant to prove the literal truth of his statement in every detail, rather it is sufficient for a complete defense if the substance or gist of the slanderous or libelous statement is true. *Laughton v. Crawford,* 68 Idaho 578, 201 P.2d 96 (1948); Prosser, Torts (4th ed.) § 116, p. 798.

■ A close reading of Burlington Northern's letter of September 27, 1973, indicates that material substance of the letter is true. The letter accurately reflects the court record of May 5, 1972, stating "investigation develops that as a result of being charged with two counts of first degree burglary on July 16, 1971, to which you entered a plea of guilty in District Court, and was, on May 5, 1972, placed on probation for a period of two years and sentence withheld for that period of time." Burlington Northern argues that the remainder of the letter does not allege that Baker was convicted of a crime but merely states that in light of his guilty plea and withheld sentence they considered Baker's negative

answer to the question relating to prior criminal convictions as a violation of employment rules requiring truthful answers to application questions. Baker, on the other hand, argues that the letter does impute a criminal conviction and that his withheld judgment does not constitute such. We do not think it is necessary to reach this question.

"When the truth is so near to the facts as published that fine distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." *Klein v. Priall,* 32 A.D.2d 925, 302 N.Y.S.2d 295, 296 (N.Y. 1969). In our opinion, reading the letter as a whole and in context of the facts underlying the charges made against Baker which were the subject of the letter, said letter was not libelous. The letter is an accurate recitation of the public record. We cannot hold that such a letter provides a basis for a libel action.

## II.

Baker next contends that the actions of Burlington Northern in publishing the information in question was an invasion of his right to privacy. Idaho adopted Dean Prosser's approach to the tort of invasion of privacy in the case of *Peterson v. Idaho First National Bank,* 83 Idaho 578, 367 P.2d 284 (1961). The four categories of invasion of privacy were set forth as follows:

1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.

2. Public disclosure of embarrassing private facts about the plaintiff.

3. Publicity which places the plaintiff in a false light in the public eye.

4. Appropriation, for the defendant's advantage, of the plaintiff's name and likeness. 83 Idaho at 583, 367 P.2d at 287.

█ Baker's complaint alleges no intrusion or appropriation and there is no factual basis in the record to support a cause of action based on either of these categories. The category involving placing the plaintiff in a false light in the public eye is also inapplicable in the instant case. Although the precise elements of this cause of action are unclear, Prosser, Torts (4th ed.) § 117 pp. 812–814, generally there must be some public disclosure of falsity or fiction concerning the plaintiff. *Peterson v. Idaho First National Bank, supra* ; Prosser, Torts (4th ed.) § 117, p. 813. Baker cannot recover in an action based on this category because as previously discussed Burlington Northern's publication of the information in question was free of material falsehood.

█ Public disclosure of embarrassing private facts is the particular category of invasion of privacy involved in the case at bar. The elements of this cause of action were set out as follows in *Peterson v. Idaho First National Bank, supra* at 583, 367 P.2d at 287:

Concerning the second classification, certain limits appear fairly well marked out:

"First, the disclosure of the private facts must be a public disclosure and not a private one. There must be, in other words, publicity."

"Second, the facts disclosed to the public must be private facts, and not public ones."

"Third, the matter made public must be one which would be offensive and objectionable to a reasonable man of ordinary sensibilities."

The action for public disclosure of private facts will lie even though the matter disclosed is true. *Peterson v. Idaho First National Bank, supra.*

The first requisite element, that of public disclosure, is alleged by Baker in his complaint. However, the record indicates that only a limited number of persons received the letter and that those persons had a right to know of the information contained in the letter. Burlington Northern sent the Idaho Department of Employment the information in response to their request after Baker applied for unemployment compensation benefits. Baker's union received the information from Burlington Northern in response to their request for reinstatement and reimbursement of Baker under the col-

lective bargaining agreement entered into between Burlington Northern and the union. All other persons appear to be employees of Burlington Northern who Burlington Northern argues are supervisory and record keeping personnel who had to be informed of the termination. However, since this was a motion for summary judgment we will assume without deciding that public disclosure exists. *See Fairchild v. Olsen*, 96 Idaho 338, 528 P.2d 900 (1974).

The presence of the second element, disclosure of private facts, is the key issue in this action. Baker argues that Burlington Northern's publishing of information concerning his plea of guilty and withheld judgment to the crime of burglary, which occurred one year prior, constituted public disclosure of private embarrassing facts of his past life. Baker relies strongly on the case of *Briscoe v. Reader's Digest Association*, 93 Cal.Rptr. 866, 483 P.2d 34 (1971) for support of his theory.

In *Briscoe*, the plaintiff, who had hijacked a truck, had been convicted and served his sentence, and had thus "paid his debt to society." Some eleven years later the defendant used his name and an account of his crime in a story about hijacking. The California Supreme Court held that such a publication could provide a basis for a cause of action grounded on public disclosure of embarrassing private fact. However, the court in *Briscoe* was careful to point out that it is reports of the facts of past crimes and past offenders that give rise to a cause of action; while truthful reports of recent crimes and the names of suspects and offenders are protected. The court in *Briscoe* stated:

> The Restatement of Torts some time ago balanced the considerations relevant here, concluding that criminals "are the objects of legitimate public interest during a period of time after their conduct * * * has brought them to the public attention; until they have reverted to the lawful and unexciting life led by the great bulk of the community, they are subject to the privileges which publishers have to satisfy the curiosity of the public as to their leaders, heroes, villains and victims."

Where a man has reverted to that "lawful and unexciting life" led by others, the Restatement implies that he no longer need "satisfy the curiosity of the public." 483 P.2d at 40.

The instant case presents a factual situation clearly distinguishable from that in *Briscoe*. Baker's criminal activity was recent in origin and he was still on probation, with no determination having been made as to his rehabilitation at the time the letters in question were written. Burlington Northern's publication was merely a recitation of a public record of Baker's recent criminal activity. The United States Supreme Court dealing with an action for invasion of privacy based on publication of the name of a rape victim, stated:

> . . . Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media. The freedom of the press to publish that information appears to us to be of critical importance to our type of government in which the citizenry is the final judge of the proper conduct of public business. In preserving that form of government the First and Fourteenth Amendments command nothing less than that the States may not impose sanctions for the publication of truthful information contained in official court records open to public inspection.

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495, 95 S.Ct. 1029, 1046, 43 L.Ed.2d 328 (1975). Thus, assuming that there was a public disclosure by Burlington Northern, the disclosure was of public, not private facts, and therefore such disclosure was not actionable under the second category of invasion of privacy.

We hold that on the undisputed facts there was no libel or invasion of the appellant Baker's privacy and the trial court correctly rendered summary judgment for the respondent.

Judgment affirmed.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

I agree that Baker does not have an actionable claim against Burlington, but in the interests of justice mention should be made that Baker did not falsify his application for employment when he answered that he had not been convicted of a crime.

At oral argument before this Court, Baker was represented by the same counsel who had counseled him to plead guilty, which was done in anticipation that judgment against Baker would be withheld, and he would be given a probationary period in which to prove himself. His counsel explained that routinely Baker and many others similarly situated, usually youthful first offenders, do not contest their guilt where legal advice is given them that the grave future consequences of a felony conviction are avoided by a withheld judgment and a successful probation.[1]

Here it is readily apparent that the trial judge before whom Baker entered his plea was not unmindful of that benevolent philosophy of the withheld judgment statutory provisions. The court minutes in the file of the criminal proceedings show that Baker did plead guilty, do not show that the plea was accepted, do show a recommendation by the prosecutor that Baker receive a withheld judgment, and do show that the district court ordered that judgment be withheld for 2 years, during which time Baker was to undergo supervised probation. The same file shows a successful probation, a discharge from probation, and a dismissal of the action. In the interim, the railroad agent who examined the court records saw documentation showing that Baker "was, on May 5, 1972, placed on probation for a period of two years *and sentence withheld* for that period of time." (Emphasis supplied.) A conclusion that Baker had been convicted was justified by either or both of not one but two orders which were entered supposedly to encompass the court's ruling of May 5, 1972.

---

1. In *State v. Cliett,* 96 Idaho 646, 534 P.2d 476 (1975), the Court stated:

   Where judgment has been withheld, as authorized by I.C. § 19–2601, judgment has not been entered; and it follows that there is no valid conviction . . . . .

   "In a more technical, legal sense, conviction means the final conclusion of the prosecution against the accused, including the judgment and sentence rendered pursuant to a verdict or plea of guilty, and it is frequently *used to denote the judgment or sentence.* * * * *A person, after plea of guilty or verdict, has been convicted when the court decrees that he is guilty.*
   * * * * * *
   "Hence, *when the court,* pursuant to plea of guilty or verdict of a jury, *adjudges the defendant guilty* of burglary, he has been convicted of a felony within the meaning of Sec. 19–2514, I.C. (persistent violator statute)." (*State v. O'Dell*) 71 Idaho (64) at 68–69, 225 P.2d (1020) at 1022 (emphasis added).
   In a subsequent case, *Ex parte Medley,* 73 Idaho 474, 253 P.2d 794 (1953), this court ruled that a trial court may properly withhold judgment without first adjudicating the defendant's guilt; in doing so, this court stated that:
   "The statute [I.C. § 19–2601, authorizing the withholding of judgment] does not require that the court must first adjudicate the guilt of defendant. The obvious and commendable objective of the Act which seeks in a proper case to avoid the stigma of a judgment of conviction would be in major part defeated if the contention of petitioner is accepted. *To withhold judgment after a plea of guilty protects the defendant at that time against the stigma of a conviction* which may be forever avoided should the defendant conform to its terms and conditions. This creates, and rightfully so, a hope in the heart of the accused that he may ultimately be released under an order of probation without the stigma of a judgment of conviction. This is an incentive for complete rehabilitation and reform, one of the salutary objectives of the Act." 73 Idaho at 479, 253 P.2d at 796 (emphasis added).
   Under *O'Dell* and *Medley,* when the court has withheld judgment and has not adjudged the defendant's guilt, the defendant has not been convicted. *Id.* at 649–50, 534 P.2d at 479–80 (emphasis in original). Rule 32(b) of the Idaho Criminal Rules can only be read as standing for the proposition that a conviction of record does not occur until there is entered a written judgment of conviction. This is equally borne out by the Idaho Sentencing Manual, page 6.5–1, and ensuing suggested forms.

One, dated May 5, 1972, follows almost verbatim a form (7–2–B)[2] found in the Idaho Sentencing Manual—a form designed for use in two different situations, *i. e.,* where judgment is withheld or where judgment of conviction is entered and sentence imposed but execution of sentence is suspended. Whoever, and the record does not disclose, attempted to use this form erred and failed to use the alternative which would show that judgment was withheld.

A second order filed on May 16, 1972, creditably not an attempt to follow a form, erroneously recited that the trial court "Adjudged and Decreed" that Baker was guilty of two felonies.

Neither the order of May 5 nor the order of May 16 correctly embodied the trial court's verbal ruling that carefully avoided the entry of a judgment of conviction. Unfortunately both were signed by the district judge who, as was said in *State v. Phillips,* 99 Idaho 354, 581 P.2d 1173 (1978) (Bistline, J., dissenting), is entitled to assume that orders placed before him for signature accurately reflect the ruling which the court has made. Although Baker himself signed his name on the order of May 5, 1972, it was only to acknowledge that he understood the terms of his probation. He could hardly be charged with enough expertise to ascertain that the wrong form had been used. Just as in *State v. Phillips,* the use of a printed form has led to a serious mistake. Prosecutors should listen attentively to a court's ruling and prepare a written order which embodies that ruling. For one, I again would discourage the practice of attempting to fit a court's ruling into a printed form.

---

**2.** Form 7–2–B is a multiple-choice affair. The title of the form reads: "Order Withholding Judgment or Suspending Sentence and Order of Probation." In either event, it is an order of probation, but it *has* to be either an order withholding judgment *or* a judgment of conviction with sentence imposed but execution suspended. It cannot be both. A paragraph in the body of this form gives the scrivener two alternatives:

AND WHEREAS, the District Court, having ascertained the desirability of granting the petition of probation, does hereby order and decree that the said _____ be placed on probation, and (judgment is hereby withheld) (or sentence is hereby suspended) for a period of _____ years(s). . . .