24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elizabeth ROLL and Lola Roll, Plaintiffs-Appellants,
v.
STATE OF IDAHO, et al., Defendants-Appellees.
 No. 93-35713.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1994.
Decided May 17, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court entered summary judgment and dismissed the claims of appellants Elizabeth Roll and Lola Roll against various defendants. The plaintiffs' claims arose out of a series of allegedly illegal searches of the enclosed curtilage of the Rolls' farm in Canyon County, Idaho. The searches occurred in response to complaints, principally by the Rolls' estranged brothers, of animal neglect occurring on the farm. We affirm.
 
 I.
 
 3
 The district court properly dismissed the Rolls' civil rights claims for damages against the State of Idaho, the State of Idaho Brand Department, and John Howard under the Eleventh Amendment of the United States Constitution. Appellants correctly argue that the Eleventh Amendment does not appear to apply to suits against a state by citizens of that same state. However, Eleventh Amendment immunity has been construed to extend to those suits. Welsh v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468 (1987). The State Brand Department was created by statute within the Department of Law Enforcement, an executive department of the state government under the Idaho Constitution. As an agency operating under the direct authority of the state and funded completely by the state, it has Eleventh Amendment immunity as an arm of the state. Leer v. Murphy, 844 F.2d 628 (9th Cir.1988). Finally, the Eleventh Amendment also protects state employees acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).
 
 
 4
 The district court also correctly dismissed the Rolls' claims for injunctive relief against John Howard, because plaintiffs have proven no pattern of past wrongdoing or threat of future wrongdoing that would justify injunctive relief. See Allee v. Medrano, 416 U.S. 802 (1974); United States v. W.T. Grant, 345 U.S. 629 (1953). According to the complaint, Mr. Howard entered appellants' property on only two occasions, both on November 17, 1986.
 
 II.
 
 5
 Plaintiffs' principal claims are based on allegedly illegal searches perpetrated by the Canyon County defendants. Plaintiffs raise claims under 42 U.S.C. Sec. 1983, as well as a number of state law causes of action.
 
 
 6
 The district court correctly dismissed plaintiffs' Sec. 1983 claims based on searches which allegedly occurred on May 13, 14, and 16, and June 22, 1986, as barred by the statute of limitations. See Idaho Code Sec. 5-219(4); Wilson v. Garcia, 471 U.S. 261 (1985) (state personal injury statute of limitations applies to Sec. 1983 actions). In addition, none of the searches violated plaintiffs' constitutional rights. The county defendants were entitled to approach the plaintiffs' residence, which necessitated intruding on the curtilage, in order to investigate matters within their jurisdiction or to serve citations. See United States v. Capps, 435 F.2d 637 (9th Cir.1970). Even if Henry and Alvah Roll were acting maliciously in filing the complaints that resulted in these searches, Canyon County and its employees were acting in good faith in their subsequent investigations. Bad faith or gross negligence on the part of the Canyon County defendants themselves is a prerequisite to Sec. 1983 liability. In this case, the defendants legitimately relied on Idaho statutes setting forth their duties in approaching plaintiffs' home to investigate complaints of animal neglect and serve valid citations. See Idaho Code Sec. 18-2109; Idaho Misdemeanor Criminal Rules 2(g), 5; Illinois v. Krull, 480 U.S. 340 (1987). Defendants did not in any way ransack the plaintiffs' property, but only observed what was obvious while they were there pursuant to their official, legitimate duties.
 
 
 7
 The district court also correctly disposed of plaintiffs' state law claims. The district court dismissed plaintiffs' "excessive police power" claim against the county defendants for failure to state a claim. The deputy sheriffs merely accompanied Animal Control Officer Stearling to the Roll farm on two occasions at her request, and told plaintiffs that they did not need a warrant to be there. They were correct. Therefore, there is no evidence that would support any claim of "excessive police power."
 
 
 8
 Next, the district court dismissed plaintiffs' complaint that the county failed to respond when they reported that some of their horses had been stolen. Because the government has no duty to provide protective services, however, it cannot be held liable under Sec. 1983 for an injury which might have been averted had the services been provided. See Deshaney v. Winnebago Department of Social Services, 489 U.S. 189 (1989).
 
 
 9
 The district court correctly granted summary judgment on plaintiffs' invasion of privacy and trespassing claims. Defendants did not commit an illegal trespass when they went on to plaintiffs' farm for the legitimate purposes of investigating complaints of animal mistreatment and serving plaintiff Elizabeth Roll with a misdemeanor citation. See Capps, 435 F.2d at 640-41 & n. 4. In addition, the court properly found that defendants did not as a matter of law commit the Idaho state law claim of invasion of privacy, because they had not publicized any private information. Baker v. Burlington Northern, Inc., 587 P.2d 829, 832 (Idaho 1978) (setting forth elements of invasion of privacy claim under Idaho law). Any dissemination of personal facts concerning the Rolls was due to the actions of the King defendants, not Canyon County and its employees.
 
 
 10
 Next, the district court dismissed plaintiffs' defamation, malicious prosecution, and acting with malice to search claims pursuant to Idaho Code Sec. 6-904, which provides:
 
 
 11
 A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:
 
 
 12
 * * *
 
 
 13
 3. Arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.
 
 
 14
 Because plaintiffs have alleged no facts that would support an inference that defendants acted maliciously or with criminal intent in carrying out their duties, the district court properly held that they were immunized by Sec. 6-904.
 
 
 15
 Finally, the district court dismissed plaintiffs' conspiracy claim under 42 U.S.C. Sec. 1985(3). As the district court properly noted, plaintiffs have not alleged that they are members of a class protected by Sec. 1985(3). Griffin v. Breckenridge, 403 U.S. 88 (1971); McCalden v. California Library Ass'n, 955 F.2d 1214 (9th Cir.), cert. denied, 112 S.Ct. 2306 (1992); Desantis v. Pacific Tel. & Tel. Co., 608 F.2d 327 (9th Cir.1979).[1]
 
 III.
 
 16
 Plaintiffs also challenge a number of the district court's collateral rulings, arguing that the district court erred in extending the discovery deadline and in awarding costs to the county defendants. There is no evidence that the district court abused its discretion in these orders. Finally, plaintiffs argue that the district court erred in dismissing their complaint without opportunity to amend. In this case, however, most of plaintiffs' claims were not dismissed for insufficiency of the complaint, but rather were decided against the plaintiffs on the merits, pursuant to summary judgment motions. With respect to those claims that were dismissed for failure to state a claim, we conclude that leave to amend is not required because it would be futile. See Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The "classes" suggested by plaintiffs on appeal are not historically disadvantaged classes recognized or protected by our civil rights laws