■ ALEX CABALLERO, Respondent, v MANHATTAN AVENUE APARTMENTS et al., Appellants. [690 NYS2d 433] Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 19, 1998, which, to the extent appealed from, denied defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the cross-motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff brought this action for defamation based on a letter sent to his employer, the New York City Department of Correction, by defendant Gervitz. The letter states in relevant part as follows: "I wish to report the unethical conduct of one of your officers. Mr. Caballero was involved in a scheme which ultimately defrauded my office of several thousands of dollars. He and a convicted felon, a Leonard Corridor [sic], entered into a conspiracy whereby Mr. Caballero provided W2 forms and other financial statements which enabled Mr. Corridor [sic] to obtain an apartment from my firm under false preten[ses]. Since that time, we have pursued Mr. Caballero who has clearly lied in his sworn affidavit and in open Court. As you can see from the attached affidavits, he has at least on one occasion participated in this fraud and I attach a copy of this affidavit hereto. I would greatly appreciate your assistance in investigating and disciplining Officer Caballero".

The complaint should have been dismissed since the record clearly demonstrates that the statements in the letter were true (see, Licitra v Faraldo, 130 AD2d 555, 556; Schwartzberg v Mongiardo, 113 AD2d 172, 174, lv denied 68 NY2d 602; Klein v Prial, 32 AD2d 925, 926, affd 28 NY2d 506). In the prior Civil Court proceeding which unsuccessfully sought from plaintiff rent due and owing under the lease, he submitted an affidavit stating that he "never surrendered documents to [Corredor] to assist in his impersonation". However, in this action, in his affidavit of March 27, 1998, plaintiff admitted submitting to defendants a rental application, including his W-2 form, to help Corredor, who had a poor credit history. The application was shown to have been signed by plaintiff as the applicant, and to include, among other things, his payroll statements, savings account number, date of birth, employment history, residential history, and credit history. Plaintiff claimed to have withdrawn his "assistance" after submitting the application, and to have informed Corredor of his withdrawal, but

does not allege that he informed defendants. Based on the application, defendants granted plaintiff a lease, which Corredor fraudulently signed in plaintiff's name. Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Rubin, JJ.