**STATE of Missouri, Respondent,**

*v.*

**Jerry Allen KING Jr., Appellant.**

No. 18852.

Missouri Court of Appeals, Southern District, Division One.

April 15, 1994.

David J. Kueter, Steelville, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

A jury found Jerry Allen King Jr. (Defendant) guilty of possessing a controlled substance, methamphetamine, in violation of

§ 195.202.[1] He was sentenced as a prior and persistent offender to a term of seven years' imprisonment.

Defendant appeals, claiming (1) a syringe containing methamphetamine was erroneously admitted in evidence because it was obtained in violation of the Missouri "Wiretapping Act," and (2) the search of Defendant's vehicle and the seizure of the syringe violated Defendant's rights under the provisions of the Constitutions of the United States and Missouri pertaining to unreasonable searches and seizures. This Court affirms.

The relevant facts reveal that on July 25, 1991, Ruth Wise, Defendant's neighbor in Bourbon, Missouri, was listening to her police scanner radio. In doing so, she overheard Defendant, on his cordless telephone, arranging to buy some marijuana for resale. Wise recognized Defendant's voice. She reported this information to Trooper Tim Hannon, a Missouri highway patrolman. Wise soon overheard another cordless telephone conversation in which Defendant set up the time and place the sale would take place. At approximately 5:30 p.m. that day Wise reported to Trooper Hannon that Defendant had arranged to meet the seller at 7:15 p.m. at a commuter parking lot in Bourbon.

Wise testified that her police scanner radio scans radio waves and stops at a frequency being used. The scanner remains on that frequency so long as conversation continues. Wise said her scanner also picks up cordless telephone calls.[2]

Trooper Hannon, being off duty, relayed this information to Trooper Robert Proctor. In an unmarked car, Trooper Proctor proceeded to the commuter parking lot, followed by a second officer in a marked patrol car. They arrived shortly before Defendant, who appeared just after 7 p.m.

The officers pulled their cars behind Defendant's vehicle, blocking his exit. Trooper Proctor approached Defendant and informed him of the information the officers had received. Upon Trooper Proctor's request for consent to search the vehicle, Defendant replied, "Go ahead."

While the officers searched, Defendant was outside the vehicle and was not handcuffed or under any restraint. As Trooper Proctor was unzipping a pocket at the rear of the front passenger seat, Defendant became agitated and said, "Stop." At that time Trooper Proctor removed from the pocket a syringe (containing a clear liquid) and a spoon. Defendant was placed under arrest and advised of his Miranda rights. Without objection, Trooper Proctor testified that Defendant said the syringe belonged to him and contained "Meth" (a slang term for methamphetamine).

A forensic chemist for the Missouri Highway Patrol tested the contents of the syringe. In her opinion, the residue tested contained methamphetamine, a Schedule II controlled substance.

■ The issue Defendant raises in Point I developed procedurally in the following manner. Defendant filed a motion to suppress, alleging the search was not based upon probable cause and was illegal because (1) "the search and seizure were made without warrant and without lawful authority" and (2) "the warrantless search was without consent and not as legal incident to an arrest." Defendant based his motion solely upon an alleged violation of his constitutional guarantees against unreasonable searches and seizures, not upon any violation of the Missouri wiretapping act. After an evidentiary hearing, the motion was overruled.[3]

1. Statutory references are to RSMo Cum.Supp. 1993, unless otherwise indicated.

2. As we understand this evidence, and Defendant does not disagree, a cordless telephone handset transmits conversation to its base unit via radio waves and receives in the same manner.

3. After the suppression hearing, the court allowed the parties to file suggestions. Defendant's suggestions included a claim that the communication of Defendant was unlawfully intercepted by Wise, in violation of §§ 542.400 through 542.424. However, Defendant has chosen to omit a transcript of the suppression hearing from the record before us. Whether the wiretapping issue was raised during the hearing, regardless of the pleadings, is unknown to this Court. Because of the omission, we are entitled to presume that the suppression hearing record would be unfavorable to Defendant's assertion on appeal. *State v. Dade*, 629 S.W.2d 418, 420 (Mo.App.1981).

When the syringe (needle) was offered in evidence, defense counsel made the following objection:

I'm going to ask that this, any evidence on this needle be suppressed on the grounds that there was no consent and I reinstate my previous motion to suppress the evidence on the grounds that this was a search without a warrant and that the officer at that time indicated that he was under restraint and that he could have at that time applied and seized the car for a search.

Defendant's motion for new trial contains the following allegation relative to Point I:

The Court erred in admitting a needle containing a residue of methamphetamine in that it was obtained in violation of the "Wiretapping Act", Mo.R.S. 542.400 to 542.424.

■ As noted, the wiretap issue was not raised in the motion to suppress, and Defendant failed to object to the introduction of the syringe based on any statutory violation. The motion for new trial refers only to an unspecified violation of the wiretap statutes. Under these circumstances Defendant has failed to properly preserve this issue for appellate review.

In order to preserve for appellate review a claim regarding the admissibility of questioned evidence, a timely specific motion to suppress must be filed and, if such motion is denied, the issue must be kept alive by a timely specific objection at trial. *State v. Dayringer,* 755 S.W.2d 698, 702 (Mo.App. 1988). In addition, the specific issue must be included in the motion for new trial. *State v. Mitchell,* 755 S.W.2d 603, 608 (Mo.App.1988).

■ Since no objection was raised at trial, our review is limited to plain error. Under Rule 30.20,[4] we have the discretion to consider plain error affecting substantial rights upon a finding that manifest injustice or miscarriage of justice has resulted therefrom. *State v. Harnar,* 833 S.W.2d 25, 27 (Mo.App.

1992). Plain error is established only where the error is so substantial that, without correction, manifest injustice or miscarriage of justice will result. *State v. Johnson,* 829 S.W.2d 630, 633 (Mo.App.1992). Our review of the record reveals an absence of such manifest injustice.

■ In 1989, the Missouri General Assembly enacted a set of laws, under the heading "Wiretapping," which cover §§ 542.400 through 542.424.[5] The latter section provides that the wiretap act shall expire five years after August 28, 1989. Our act was modeled after federal statutes enacted in 1968 and revised in 1986. *See* 18 U.S.C.A. §§ 2510–2521.

The Missouri wiretap act allows a prosecuting attorney, under strict requirements, to make application to a circuit court for an order authorizing the interception of a wire communication. § 542.404. The wiretap act contains a provision making it a class D felony for any person to knowingly intercept a wire communication or to knowingly use an electronic device to intercept an oral communication, unless expressly allowed by the act. § 542.402.

"Intercept" is defined as "the aural acquisition of the contents of any wire communication through the use of any electronic or mechanical device." § 542.400(6).

A "wire communication" is defined as "any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception." § 542.400(12).

An "oral communication" is defined as "any communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." § 542.400(8).

The act also provides that any aggrieved person may move to suppress the contents of

---

4. Rule references are to Missouri Rules of Court (1994).

5. An interested reader might desire to review a thorough discussion of this act, authored by

James R. Wyrsch and Anthony P. Nugent Jr., entitled "Missouri's New Wiretap Law," in 48 J.Mo.Bar 21 (1992).

an unlawfully intercepted wire communication by a motion filed prior to trial. § 542.-414.

Defendant argues that the radio signal broadcast from the handset of his cordless telephone is a "wire communication," as defined by § 542.400(12). He argues that Wise unlawfully intercepted his conversation and therefore any evidence obtained therefrom should have been suppressed at trial. He relies solely on *United States v. Hall,* 488 F.2d 193 (9th Cir.1973) (holding that the exclusionary provisions of the federal wiretap act apply when at least one party in a telephone conversation uses an ordinary telephone line even though the other uses a radio-telephone).

Neither party cites nor have we found a Missouri case interpreting §§ 542.400 through 542.424. However, we find substantial authority from other jurisdictions interpreting similar statutes, including the federal wiretap act, to exclude the radio broadcast from a cordless telephone from the definition of "wire communication." *Tyler v. Berodt,* 877 F.2d 705 (8th Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990); *Edwards v. Bardwell,* 632 F.Supp. 584 (M.D.La.1986); *State v. Howard,* 235 Kan. 236, 679 P.2d 197 (1984); *State v. De-Laurier,* 488 A.2d 688 (R.I.1985); *State v. Smith,* 149 Wis.2d 89, 438 N.W.2d 571 (1989). *But see State v. McVeigh,* 224 Conn. 593, 620 A.2d 133 (1993), and *People v. Fata,* 159 A.D.2d 180, 559 N.Y.S.2d 348 (N.Y.App.Div. 1990).

■ We find persuasive the majority view followed in *Tyler.* There, with facts remarkably similar to those before us, the eighth circuit court said, "Notwithstanding [*United States v. Hall,* the case relied upon by Defendant], the emerging view is that cordless telephone transmissions were not 'wire communications' even before the 1986 amendment." 877 F.2d at 706.

■ Furthermore, Defendant cannot claim his conversation was protected as an "oral communication." As stated in *Edwards,* "[t]here is no reasonable expectation of privacy in a communication which is broadcast by radio in all directions to be overheard by countless people who have purchased and daily use receiving devices such as a 'bearcat' scanner or who happen to have another mobile radio telephone tuned to the same frequency." 632 F.Supp. at 589.

As revealed by the foregoing authorities, Defendant was not entitled to any protection based on the Missouri wiretapping act. We find no error, plain or otherwise. Point I is rejected.

Defendant's only other point reads:

The trial court erred in overruling the Defendant's motion to suppress evidence in that it was a warrantless search conducted without probable cause and the subsequent search and seizure conducted thereunder were in violation of Article I, Section XV of the Constitution of the State of Missouri and the Fourth and Fourteenth Amendments to the United States Constitution.

Initially, we note that the denial of a motion to suppress preserves nothing for appeal. *State v. Vincent,* 785 S.W.2d 805, 808 (Mo.App.1990). However, since Defendant did renew his objection at trial, we choose to treat his point as challenging the ruling at trial rather than the denial of his motion. *See State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992).

As we understand Defendant's argument, the State had sufficient time to obtain a search warrant after Wise notified Trooper Hannon at 5:30 p.m. that the drug transaction was arranged for 7:15 p.m. Defendant incorrectly believes that *State v. Varvil,* 686 S.W.2d 507 (Mo.App.1985), supports his claim.

*Varvil* involved a question of whether the search of a building was justified without a search warrant. There, the court said:

"In general, an entry and search without a warrant are deemed unreasonable under the Fourth Amendment to the Constitution of the United States unless the action falls within certain carefully delineated exceptions.... The burden is on the State to show an exception exists." *State v. Epperson,* 571 S.W.2d 260, 263 (Mo. banc 1978),

*cert. denied,* 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979).

*Varvil,* 686 S.W.2d at 512.

Because consent to search was absent, the court was required to determine whether exigent circumstances existed, which would justify the warrantless search of defendant's building. After discussing numerous factors giving rise to such exigent circumstances, the court found that none existed and determined that the search was unlawful.

■ *Varvil* does not aid Defendant, because the law regarding an automobile search contains an expanded exception not generally applicable to a warrantless search of a building.[6] The exception applicable to the search of Defendant's automobile is well-stated in *State v. Villa–Perez,* 835 S.W.2d 897 (Mo. banc 1992):

> At trial, defendant's motion to suppress the marihuana cache was denied, and as stated in *State v. Burkhardt,* 795 S.W.2d 399 (Mo. banc 1990):
>
>> The proponent of [a motion to suppress] has the burden of establishing that his constitutional rights were violated by the challenged search or seizure, however the burden is on the State to justify a warrantless search and to demonstrate that such falls within an exception to the warrant requirement, e.g. search of a stopped car on a highway. A search of an automobile on the highways pursuant to probable cause to believe that contraband, weapons or evidence of a crime are within the automobile is a well established exception to the Fourth Amendment warrant requirement ... Such automobile search may be conducted on probable cause to believe that contraband is concealed within, a belief springing from circumstances that would justify issuance of a warrant. Probable cause may arise when the facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a man of reasonable caution a belief that the contents of the automobile offend the law.

*Villa–Perez,* 835 S.W.2d at 902 (quoting *Burkhardt,* 795 S.W.2d at 404).

■ Our review of the trial court's denial of the motion to suppress is limited to a determination of the sufficiency of the evidence to support the ruling. *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo. banc 1990). In making such a determination, the facts and reasonable inferences arising therefrom are to be stated favorably to the challenged order, and we may disregard contrary evidence and inferences if the evidence is otherwise sufficient to sustain the trial court's finding. *State v. Craig,* 759 S.W.2d 377, 379 (Mo.App.1988).

■ Here, the troopers were armed with information that Defendant had arranged to consummate a drug deal at a specific time and place. Upon observing Defendant arrive at the prearranged time and location, the troopers had probable cause to believe Defendant's automobile contained contraband. His automobile was stopped adjacent to an interstate highway in a commuter parking lot provided for highway travelers. These facts are sufficient to uphold the trial court's ruling.

Although not raised in his point, Defendant argues the search was made without his voluntary consent. Since we have found that the search was based on sufficient probable cause, the search was valid regardless of Defendant's consent.

Judgment affirmed.

PARRISH, C.J., and SHRUM, J., concur.

---

**6.** The inherent mobility of motor vehicles (aside from a diluted expectation of privacy) is the exigent circumstance that vindicates warrantless searches of automobiles. *State v. Oberg,* 602 S.W.2d 948, 952 (Mo.App.1980).