72 P.3d 897

Luella Jo JENSEN, Plaintiff–Appellant,

v.

STATE of Idaho, Department of Health and Welfare, David L. Humphrey, Nick Arambarri, Melba R. Covert, Jana C. Lang, Idaho Attorney General's Office, Brent E. Asay, Jody Carpenter, Eric D. Pfost, Jeanne T. Goodenough, Defendants–Respondents,

and

Bingham County, a political subdivision of the State of Idaho, Thomas E. Moss, and Does I through X, Defendants.

Nos. 28057, 28433.

Supreme Court of Idaho,
Boise, March 2003, Term.

June 19, 2003.

58

Curtis N. Holmes, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents. Joel E. Tingey, special appointed Deputy Attorney General, argued.

TROUT, Chief Justice

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an administrative decision, which was ultimately challenged in a district court case involving issues of tort and constitutional law. Plaintiff/Appellant, Luella Jo Jensen, alleges the revocation of her license to perform home-health services with the Defendant/Respondent, Idaho Department of Health and Welfare (IDHW), invaded her right to privacy and violated her right to procedural due process. On appeal, Jensen challenges (1) the district judge's order on summary judgment dismissing her claims of invasion of privacy and violation of due process; (2) the order granting in part IDHW's motion to strike affidavits; and (3) the denial of Jensen's motion to reconsider opinion and decision on the motion for summary judgment.

In 1992, IDHW first granted Jensen a license as a contractor to provide home health care services to Medicaid recipients. Sometime in 1999, in the process of renewing

this license, Jensen was asked to submit to a criminal background check. As part of this process, Jensen submitted an "Authorization and Self–Declaration Form" to IDHW. Question 15 of the form asks whether the applicant had ever pled guilty or been convicted of a crime as an adult or a juvenile, whether or not the conviction had been sealed, expunged, or the judgment withheld. ·In response, Jensen answered "yes" and explained her driver's license had expired and she had two or three speeding tickets. Question 17 of the form asks whether the applicant has ever been investigated, charged or involved in a child abuse or adult protection action. In response, Jensen mentioned accusations of child neglect regarding her own children, which had been investigated by Child Protective Services, a division of IDHW, in 1996 and 1997.[1] In addition, the form authorizes IDHW "to obtain background and criminal history information from all sources deemed necessary and proper" and requests the applicant certify the following:

> the information on this form and the attachments (if applicable), is true and correct to the best of my knowledge. I understand I am signing this document under penalty of perjury. I also understand that any fraud, misrepresentation or omission in my answers may serve as the basis for my denial.

Jensen signed the form on June 7, 1999.

In the process of reviewing Jensen's renewed application for criminal clearance, IDHW discovered in its own records information indicating Jensen, as a juvenile, had admitted to committing the offense of murder. On July 26, 1999, IDHW notified Jensen that a "relevant child protection/ criminal record" was found and that her criminal clearance was being temporarily suspended pending a complete criminal background check. A follow-up letter from the regional Medicaid unit of IDHW on July 28, 1999, indicated Jensen was no longer permitted to provide personal care services while her license was suspended. The second letter also stated that, following the criminal background check, Jensen would be entitled to an exemption review hearing and would be notified of the procedure for obtaining such review at a later date.

On October 8, 1999, IDHW sent Jensen a final letter notifying her that her request to renew her license as a personal care services provider had been denied. The letter explained the denial was based on the following: (1) in 1980, Jensen, as a juvenile, had been convicted of the crime of murder; (2) in 1997, Jensen had been charged with the offense of exploiting a vulnerable adult and subject to a related adult protection investigation; and (3) Jensen failed to include this information on the 1999 Authorization and Self–Declaration Form. In terms of review, the letter provided two alternatives. First, if the records were in error, Jensen had fifteen days to get the records corrected. Second, the letter provided that it represented the final agency action of IDHW and, pursuant to the Idaho Administrative Procedures Act, I.C. § 67–5273(3), Jensen could' appeal the decision directly to the district court but must do so within twenty-eight days.

Jensen thereafter contacted IDHW to complain about their determination to deny her license. She claims she was advised that she could not seek an exemption hearing, because a conviction for murder was one of the offenses for which they would never grant an exemption. Jensen did not file an appeal nor did she demand an exemption review hearing. Instead, she sought to obtain the records and order from the juvenile case to demonstrate to the State that it had erred.

The murder charge related to an incident that occurred when Jensen was a juvenile. In 1979, when Jensen was approximately 16 years old, she voluntarily confessed to a second-degree murder charge. In 1980, Jensen was adjudicated to have committed the crime,· confined to the custody of IDHW for approximately 14 months, released on probation, and, in 1982, released from supervision. In 1984 or 1985, Jensen· sought to have the

---

1. Although not at issue, Jensen claims these charges were never substantiated and no pro- ceedings were initiated.

second-degree murder adjudication expunged and the record sealed.[2]

The charges regarding the exploitation of a vulnerable adult occurred in 1997, when Jensen was working with IDHW. These charges were investigated and ultimately dismissed after Jensen agreed to pay restitution to the alleged victim.

On March 9, 2001, Jensen filed a complaint and demand for jury trial against the State of Idaho, IDHW, several representatives of these two entities, Bingham County, and the former Bingham County prosecutor, alleging the criminal background check and subsequent revocation of her license without an exemption hearing constituted an invasion of privacy, denial of due process, and breach of contract. Bingham County and the former Bingham County prosecutor were previously dismissed from this action by order of the district court. The remaining defendants (collectively, the State) filed a motion for summary judgment, on which the trial court held a hearing and rendered a final opinion in the State's favor. Following that decision, Jensen filed a motion to reconsider on November 15, 2001, and two affidavits in support of the motion on December 31, 2001. On the State's motion, the district judge determined to strike the affidavits from the record and denied Jensen's motion.

## II.

### STANDARD OF REVIEW

This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion. *Sun Valley v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 3, 981 P.2d 236, 238 (1999)(citing *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994)). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." This Court liberally construes the record in favor of the party opposing the motion for summary judgment and draws any reasonable inferences and conclusions in that party's favor. *Id.* at 4, 981 P.2d at 239 (citing *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 869 P.2d 1365 (1994)). If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Farm Credit Bank of Spokane*, 125 Idaho at 272, 869 P.2d at 1367.

In addition, the trial court's decision regarding the State's motion to strike is directly related to the decision on Jensen's motion to reconsider. A motion for the trial court to reconsider pursuant to Rule 60(b) rests with the sound discretion of the court. *Jordan v. Beeks*, 135 Idaho 586, 592, 21 P.3d 908, 914 (2001). Therefore, both decisions are governed by an abuse of discretion standard. When reviewing decisions of the district court based on the abuse of discretion standard, this Court considers (1) whether the district court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

### DISCUSSION

Jensen did not seek timely review of the State's revocation of her license to provide personal care services and, therefore, cannot seek judicial review of that decision. Instead, Jensen argues the State violated her right to privacy and right to due process in the process of revoking her license. In considering these claims, the district judge determined Jensen's allegations failed to estab-

---

2. It is not entirely clear what happened in the juvenile case, but it appears that the prosecutor made a motion to allow Jensen to have her admission of guilt back and there is some discus-

sion of expungement of the record. The order signed by the magistrate, however, simply says that the record is sealed.

lish a legal basis for relief. On appeal, this Court affirms.

## A. *The District Judge Did Not Err in Granting Summary Judgment on Jensen's Invasion of Privacy Claim.*

The district judge determined Jensen's allegations failed to establish a claim for invasion of privacy. In the district judge's opinion, IDHW did not actually make an inquiry into expunged or sealed files; rather, it discovered Jensen's 1980 murder charge as a result of reviewing its own internal records. Further, the district judge deemed it was reasonable and necessary for IDHW to consult these internal records during a criminal background search. Adding further support to this conclusion, the district judge noted Jensen authorized the background check in the 1999 Self–Declaration and Authorization Form, waiving any claim that IDHW invaded her privacy. On appeal, Jensen attacks the district judge's conclusions, asserting the State invaded her privacy: (1) by relying on expunged and sealed juvenile records in the criminal background check process and (2) requiring Jensen to disclose the expunged and sealed conviction (3) without Jensen's consent.

▉ Idaho recognizes the tort of invasion of privacy. *See, e.g., Peterson v. Idaho First National Bank,* 83 Idaho 578, 367 P.2d 284 (1961). This Court has distinguished four categories of action constituting an invasion of privacy: (1) intrusion into plaintiff's seclusion or solitude or into his private affairs; (2) public disclosure of private facts; (3) publicity which places plaintiff in a false light; and (4) appropriation of the plaintiff's name or likeness for defendant's advantage. *Id.* at 583, 367 P.2d at 287. Only the first of the four categories would appear to have any applicability to Jensen's assertions. With regard to that classification, this Court has explained, "the interest protected by this branch of the tort is primarily a mental one. It has been useful chiefly to fill the gaps left by trespass, nuisance, the intentional infliction of mental distress, and whatever remedies there may be for the invasion of constitutional rights." *Id.* Further, an intrusion into private affairs requires "the invasion of

something secret, secluded or private pertaining to the plaintiff." *Id.* at 584, 367 P.2d at 287.

▉ Liability for a claim of invasion of privacy by intrusion requires: (1) an intentional intrusion by the defendant; (2) into a matter, which the plaintiff has a right to keep private; (3) by the use of a method, which is objectionable to the reasonable person. *62A Am Jur 2d, Privacy § 48 (1990); see also Uranga v. Federated Publications, Inc.,* 138 Idaho 550, 67 P.3d 29 (2003); *Hoskins v. Howard,* 132 Idaho 311, 317, 971 P.2d 1135, 1141 (1999). Because the right of privacy is measured by the reasonable person standard, "[t]he right of privacy is relative to the customs of the time and place, and is determined by the norm of the ordinary person." *62A Am Jur 2d, Privacy § 40 (1990).* Thus, "in order to constitute an invasion of privacy, an act must be of such a nature as a reasonable person can see might and probably would cause mental distress and injury to anyone possessed of ordinary feelings and intelligences, situated in like circumstances as the plaintiff." *Id.* Further, it is not necessary to prove the presence of malice, *62A Am Jur 2d, Privacy § 47 (1990),* and consent is a complete defense. *62A Am Jur 2d, Privacy § 59 (1990).*

1. *The district judge correctly concluded, under the circumstances, the State did not err in consulting internal files in the background check process and such consultation did not violate Jensen's reasonable expectation of privacy.*

Jensen argues the State violated two state laws, I.C. § 20–525A and IDAPA 16.05.06.04, as well as her privacy, by relying on expunged and sealed juvenile records in the criminal background check process. This Court agrees with the district judge that the State did not act unlawfully or unreasonably in consulting its own files and such consultation did not violate Jensen's reasonable expectation of privacy.

Jensen argues the State violated I.C. § 20–525A by relying on internal records which reflected a conviction that was later expunged and sealed. I.C. § 20–525A in pertinent part provides, when a district court

determines expungement of a juvenile record is appropriate, "it shall order all records in the petitioner's case in the custody of the court and all such records in the custody of any other agency or official sealed." I.C. § 20–525A. In order to accomplish these actions, the statute further provides, "[c]opies of the order shall be sent to each agency or official named in the order." *Id.*

As a preliminary matter, it is not clear whether I.C. § 20–525A even applies, since it does not appear from the order entered by the judge in the juvenile case that the record was actually expunged. Indeed, it appears they simply sealed the file. Moreover, § 20–525A (2) provides the court may not expunge certain convictions from a juvenile record, including "[M]urder of any degree." Nonetheless, there is no question from the record that whatever procedure took place in the juvenile court, the order was not conveyed to IDHW. Therefore, IDHW did not act unlawfully or even unreasonably by maintaining the conviction in Jensen's file.

■■■ Furthermore, in consulting these internal records, the State did not, as Jensen argues, violate its own internal procedures. Jensen argues that IDAPA 16.05.06.04 limits the sources of information IDHW can consult in a criminal background check. The rule provides:

[t]he criminal history check will consist of a departmental review of information obtained from the Federal Bureau of Investigation, the National Crime Information Center, the Bureau of Criminal Identification, the Statewide Criminal Identification Bureau, and the statewide child and adult abuse register.

Because internal records are not included as a reviewable source under this regulation, Jensen argues IDHW violated its own procedures by reviewing these records.

Jensen's arguments are unpersuasive. As the district judge correctly concluded, IDAPA 16.05.06.04 provides a list of potential sources of information for criminal background checks. However, there is no indication such a list is meant to be exhaustive, and it would be unreasonable to prohibit the State from consulting internal files when making this type of inquiry.

Finally, whether the State acted lawfully or not, the actions it took in reviewing internal files do not meet the standard of an invasion of privacy claim. The State action at issue is not, as Jensen argues, the examination of sealed or expunged information. Rather, the State consulted lawfully-obtained and maintained internal files. Such action did not intrude in Jensen's private sphere and a reasonable person would not find such investigative practices objectionable. Therefore, the district judge correctly dismissed the claim on motion for summary judgment.

2. *It was unlawful for the State to require applicants like Jensen to disclose expunged and sealed records; however, it did not constitute an invasion of privacy.*

■■■ Jensen argues the State violated I.C. § 20–525A by requiring Jensen to disclose the expunged and sealed conviction. Under this statute, once a court has expunged and sealed a juvenile court file, any conviction contained in such file "shall be deemed never to have occurred and the petitioner may properly reply accordingly upon any inquiry into the matter." I.C. § 20–525A. Thus, the Idaho statute, if applicable in this instance, provides Jensen with the legal authority to deny, or at least fail to disclose, the expunged and sealed conviction.

■■■ In direct conflict with this statute, the 1999 Authorization and Self–Declaration Form not only required Ms. Jensen to disclose a criminal conviction "ever. if the conviction was sealed, expunged or the judgment withheld," it also provided that failure to so disclose such convictions "may serve as a basis for ... denial or dismissal." Thus, the State form violated I.C. § 20–525A. However, such a violation does not constitute an invasion of privacy. Requiring Jensen to disclose certain legally protected information in order to obtain a license does not constitute an "intrusion" by the State. The State did not actively breach Jensen's private sphere or somehow actively uncover hidden facts; rather, it asked Jensen to disclose such facts herself. While the consequence of failing to disclose such facts was the with-

holding of a professional license, the actual act of "intrusion" is not met here.

Because Jensen's alleged facts do not meet the legal standard necessary for an invasion of privacy claim, it is unnecessary to consider Jensen's argument that the district judge erroneously determined Jensen had consented to the background check and thus waived her claims against the State for invading her privacy, and the State's claimed immunity under the Idaho Torts Claims Act.

**B. *Summary Judgment Was Appropriate to Dismiss Jensen's Claim for Violation of Due Process.***

While we uphold the district judge's determination on summary judgment dismissing Jensen's claim for violation of due process, we do so on a slightly different basis.

In Jensen's complaint and demand for jury trial, Jensen argued the State violated her right of due process pursuant to statute. Specifically, under I.C. § 67–5315(2), "No action of a participating department relating to disciplinary dismissal ... shall be effective until the affected employee shall receive notice and an opportunity to be heard." The elements of process due employees is further articulated in Idaho Administrative Code provision 15.04.01.200.06. Jensen did not cite state or federal constitutional authority as the legal basis for this argument.

In support of its motion for summary judgment on this claim, the State argued Jensen, as an independent contractor, was not a state employee and therefore I.C. § 67–5315(2) and Idaho Administrative Code 15.04.01.200.06 do not apply.

In resolving the dispute, the district court engaged in a three-part inquiry to determine: (1) whether IDHW had a reasonable basis for suspending Jensen's criminal clearance and denying her application; (2) whether the proper administrative procedures were followed; and (3) whether Jensen had exhausted her administrative remedies. This analysis was unnecessary. As the district judge correctly determined, I.C. § 67–5315(2) and Idaho Administrative Code 15.04.01.200.06 do not apply to Jensen, who was an independent

contractor. Because the legal basis for Jensen's claim of due process does not apply, her claim should have been denied without further analysis.

**C. *The District Court Did Not Abuse Its Discretion in (1) Granting the State's Motion to Strike Affidavits and (2) Denying Jensen's Motion to Reconsider Opinion and Decision on the State's Motion for Summary Judgment.***

Following the district judge's decision on summary judgment, Jensen filed a motion to reconsider and two supporting affidavits. Jensen used the motion to reconsider in order to demonstrate to the trial court that she did not, in fact, waive her right to an exemption hearing and thereby fail to exhaust her administrative remedies. Jensen argues the district court abused its discretion in granting the State's motion to strike the supporting affidavits and in denying Jensen's motion to reconsider opinion and decision.

This issue is relevant to the district court's analysis of due process. Because this Court determines this due process analysis was in error, this issue is rendered moot. Moreover, pursuant to I.R.C.P. 6(d), "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." In this case, the motion to reconsider was filed November 15, 2001, and the affidavits were filed December 31, 2001. Thus, the supporting affidavits did not comply with Rule 6(d), and the district judge did not err in refusing to consider them. Without the supporting affidavits, there was no basis for asking the trial court to reconsider its earlier decision; therefore, the trial court did not err in denying the motion to reconsider.

**D. *The State Is Not Entitled to Attorney Fees on Appeal.***

The State requests attorney's fees pursuant to I.C. § 12–120(3) for Jensen's breach of contract claim and I.C. § 6–918A for Jensen's tort claims. However, Jensen did not challenge the dismissal of her breach of contract claim on appeal so § 12–120(3) would not be applicable. Further, there is no indication that Jensen pursued this appeal frivolously, in bad faith, or without founda-

tion, and thus, there is no basis for an award of fees on appeal.

## IV.

### CONCLUSION

The district judge's decision granting summary judgment to the State on Jensen's substantive claims should be upheld. Jensen failed to allege facts sufficient to support claims of either invasion of privacy or denial of due process. In addition, given the district court's broad discretion in determining a motion to reconsider and the admissibility of evidence, there was no error in striking the affidavits and denying the motion to reconsider. We award costs but not attorney fees to the State on appeal.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN concur.