**Gary Lynn BONNER, Plaintiff—Appellant,**

v.

**UNION PACIFIC, Defendant—Appellee.**

No. 03–36037.

D.C. No. CV–00170–MHW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

Gary Lynn Bonner, Nampa, ID, pro se.

Jeffrey J. Devashrayee, Salt Lake City, UT, for Defendant–Appellee.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

Gary Lynn Bonner appeals pro se the district court's summary judgment in his action alleging defendants caused him emotional distress and violated his civil

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rights during his termination from Union Pacific. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Grote v. Trans World Airlines, Inc.,* 905 F.2d 1307, 1309 (9th Cir.1990), and grant of summary judgment, *Armstrong v. Burlington N. R.R. Co.,* 139 F.3d 1277, 1278 (9th Cir.1998). We review for abuse of discretion denials of motions to amend the complaint, *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002), and motions to compel discovery, *see Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1009 (9th Cir.2004). We affirm.

The district court properly dismissed Bonner's negligent infliction of emotional distress claim under the Federal Employers' Liability Act, because he failed to allege that Union Pacific employees' negligent actions during the investigation of his illegal activity placed him in a "zone of danger" where he was threatened with imminent physical impact. *See Consol. Rail Corp. v. Gottshall,* 512 U.S. 532, 556, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994).

The district court properly granted summary judgment on Bonner's intentional infliction of emotional distress claim, because the evidence in the record fails to show that Bonner's supervisors acted in an extreme or outrageous manner, or that they intentionally or recklessly caused his emotional distress. *See Pottenger v. Potlatch Corp.,* 329 F.3d 740, 750 (9th Cir.2003) (noting that under Idaho law, "very extreme conduct" is required in support of this claim).

The district court also properly granted summary judgment on Bonner's 42 U.S.C. § 1983 claim alleging his civil rights were violated when a Union Pacific investigator viewed a videotape confiscated during Bonner's arrest, because there is no genuine issue of material fact as to whether

Agent Woolstenhulme is a state actor. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir.2003) (describing criteria used in evaluating whether defendant is a state actor). Moreover, summary judgment was proper as to Bonner's intrusion claim, because a reasonable person would not expect the contents of the videotape to remain private. *See Jensen v. State,* 139 Idaho 57, 72 P.3d 897, 902 (2003); *Hoskins v. Howard,* 132 Idaho 311, 971 P.2d 1135, 1141 (1998) (the "expectation of privacy must be objectively reasonable under the circumstances").

The district court did not abuse its discretion in denying leave to amend the complaint, *see Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995), or Bonner's motion to compel discovery, *see Childress,* 357 F.3d at 1010.

We have considered Bonner's remaining contentions and find them unpersuasive.

**AFFIRMED.**